Present: Carrico, C.J., Compton, Lacy, Keenan, Koontz and
Kinser, JJ.

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v.  Record No. 982635      JUSTICE LAWRENCE L. KOONTZ, JR.
                                      January 14, 2000
DOUGLAS W. LUZIK, ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Theodore J. Markow, Judge


     In this appeal, we consider whether the Commonwealth has

waived its right to assert the bar of sovereign immunity to a

suit by state employees in state court for back overtime wages

under the federal Fair Labor Standards Act (FLSA), 29 U.S.C.

§ 201, et seq.

                            BACKGROUND

     On June 25, 1992, Douglas W. Luzik and fifteen other

juvenile probation officers (the complainants), who work in

various Court Service Units for the Virginia Department of Youth

and Family Services (the Department),[1] filed a bill of complaint

against the Commonwealth alleging a violation of the FLSA.  The

complainants asserted that they are "non-exempt" employees under

the FLSA and sought to enforce the right provided therein to

receive hourly payment of time and one half if and when they

work more than 40 hours in a workweek.  The complainants sought

---

     [1]By amendment to Code § 66-1 in 1996, this department became
the Department of Juvenile Justice.

back overtime wages, enforcement of future overtime pay, and attorney's fees and costs.

The Commonwealth's initial response was to file a plea in bar of sovereign immunity, asserting that it was exempt from being sued in its own courts by its employees for an alleged violation of the FLSA. The Commonwealth asserted that the Eleventh Amendment to the United States Constitution precludes Congress from subjecting a state and its officials to being sued in federal court absent an express intent in a given statute to permit such suits. Contending that there is no abrogation of the sovereign immunity of the states express in the FLSA, the Commonwealth asserted that it cannot be sued for a violation of that law in federal court and, by extension, neither can it be sued in state court. The Commonwealth contended that is so because in the absence of a waiver by the General Assembly, the Commonwealth and her officials have absolute immunity from the award of damages sought by the complainants. The Commonwealth further contended that such immunity also applies to any injunctive relief requiring future payment of overtime pay as the establishment and revision of wages and salaries is discretionary under the laws of the Commonwealth.

After receiving briefs and hearing argument, by letter opinion dated March 11, 1993, the chancellor denied the Commonwealth's plea in bar. The chancellor reasoned that

language within the FLSA defining an employer to include a "public agency," 29 U.S.C. § 203(d), which is further defined as "the government of a State" and "any agency of . . . a State," 29 U.S.C. § 203(x), evinces an intent on the part of Congress to subject the states to enforcement of the FLSA in federal courts, thus answering the Commonwealth's assertion that such an action is barred therein by the Eleventh Amendment. The chancellor further reasoned that to bar the suit in state court under a theory of sovereign immunity "would [improperly] allow state law to determine the applicability of federal law."

The Commonwealth noted an appeal of this ruling to this Court. The Commonwealth's petition for appeal was limited to the issue of whether sovereign immunity barred state employees from bringing suit against the state in state court. Finding that there was not yet an appealable order, Code § 8.01-670, we refused the Commonwealth's petition for appeal and its subsequent petition for rehearing.

The complainants then filed an amended bill of complaint joining eighty-seven additional juvenile probation officers as complainants. The Commonwealth filed a demurrer, again asserting the application of the bar of sovereign immunity and the preclusive effect of the Eleventh Amendment. The Commonwealth further asserted that application of the FLSA to the states exceeded congressional authority as limited by the

3

Tenth Amendment. The chancellor took no action with reference to the Commonwealth's demurrer. Thereafter, the Commonwealth filed an answer, which it subsequently amended, and the matter proceeded to an ore tenus hearing before the chancellor.

The principal issues before the chancellor were whether the complainants were salaried employees and, if so, whether their employment requirements and job duties caused them to fall within one of the recognized exemptions within the FLSA as administrative, professional, or executive employees under the "short test" promulgated in the regulations implementing the FLSA for determining the exempt status of salaried employees. The Commonwealth contended that all the complainants are salaried and that ninety-nine of the complainants are subject to administrative or professional exemptions. The Commonwealth contended that the remaining four employees are exempt executive employees.

The complainants contended that they are not salaried because they are subject to a reduction in pay for less than a workweek under a disciplinary policy applicable to all employees of the Department. With the exception of three of the complainants, who conceded that they were "executives," the complainants further contended that their job duties do not qualify for any of the exemptions provided for under the FLSA.

4

One complainant contended that she was neither salaried nor an exempt executive.

On May 5, 1995, the chancellor entered an order awarding judgment to the Commonwealth. In an accompanying opinion letter, the chancellor found that the complainants are salaried employees despite the existence of the disciplinary policy. Applying the "short test" applicable to salaried employees, the chancellor found that the majority of the complainants have job duties that reflect the requirements for either administrative or professional employee status. The chancellor further found that the one "executive" employee who had challenged the application of that exemption to her is an executive employee for purposes of the FLSA.

The complainants appealed the judgment to this Court, assigning error to the chancellor's finding that they are salaried employees and that they are subject to the exemptions of the FLSA. In its brief in opposition, the Commonwealth asserted as an assignment of cross-error the failure of the chancellor to sustain the Tenth Amendment claim raised in its demurrer to the amended bill of compliant.[2] The Commonwealth did

---

[2]There is no merit to this assertion. Congress has the power to extend the coverage of the FLSA to public sector-employees consistent with the Tenth Amendment. See Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 555-57 (1985).

not assign cross-error to the denial of its claim of sovereign immunity. On December 20, 1995, this Court refused the petition for appeal.

The complainants then filed a petition for a writ of certiorari in the United States Supreme Court. The first of the three questions presented in that petition challenged the chancellor's determination that the complainants are salaried employees even though they are subject to potential reductions in pay in amounts less than a full workweek's pay "regardless whether any actual deductions have occurred." On February 24, 1997, the Court granted the petition and by order vacated the judgment and remanded the case "for further consideration in light of Auer v. Robbins, 519 U.S. [452] (1997)."

Auer involved a claim under the FLSA for overtime pay by sergeants and a lieutenant employed by the St. Louis, Missouri Police Department. Id. at 454. In Auer, an opinion of the Secretary of Labor, presented to the Court in the form of an amicus curiae brief, stated the Department of Labor's position that employees "covered by a policy that permits disciplinary or other deductions in pay 'as a practical matter'" are not "salaried" employees "if there is either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." Id. at 461. The Court held that the Secretary's opinion was controlling since it

6

constituted an interpretation "of the Secretary's own regulations."[3]  Id.

On July 29, 1997, we remanded the case to the chancellor for further proceedings consistent with the order of the United States Supreme Court.  The complainants, first in a letter brief to the chancellor and subsequently by formal brief and argument, contended that the remand was not limited to the issue addressed in Auer but, rather, permitted them to address all aspects of the case with respect to the possible controlling effect of opinions from the Secretary of Labor.

Agreeing with the complainants' contention on the scope of the mandated reconsideration, the chancellor determined that he was required to reconsider the exempt status of the employees with respect to Department of Labor letter rulings he had previously discounted.[4]  The chancellor confirmed his prior

---

[3]The Court rejected a claim by the Police Department that the suit, which originated in federal court, was barred by the Eleventh Amendment, because the City of St. Louis was "not an 'arm of the state' for Eleventh Amendment purposes."  Auer, 519 U.S. at 456 n.1.  There is no dispute in the present case that the Department is an agency of the Commonwealth.

[4]The chancellor also examined the application of the specific holding of Auer with respect to his prior determination that the complainants are salaried employees.  He determined that Code § 2.1-114.5(11), which authorizes the creation of regulations permitting reductions in pay as a disciplinary tool, is "nominally applicable" to the entire range of personnel in the Department.  As such, the chancellor found that there is not a "significant likelihood" that the complainants would be

7

ruling that all the complainants are salaried employees. However, relying on four Department of Labor letter rulings which address the status of juvenile and adult probation officers generally and "child protective investigators," the chancellor found, contrary to his prior ruling, that the complainants are not exempt as administrative or professional employees. With respect to the one complainant who had previously been found to be an exempt executive employee, the chancellor concluded that the Commonwealth "has not met its burden of establishing by clear and convincing evidence that [the complainant's] primary duties relate to supervisory management . . . . She is not exempt from the overtime provisions of the FLSA."

In an order dated November 25, 1997, the chancellor entered judgment for the complainants and referred the matter to a commissioner in chancery for a determination of the back overtime wages due them from the Commonwealth. On December 24, 1997, the Commonwealth filed a motion reasserting its plea of sovereign immunity. In a terse letter to counsel, the chancellor stated that "[a]t best, the Commonwealth is too late;

subject to such reductions. Accordingly, the chancellor confirmed his prior ruling that all of the complainants are salaried employees. The complainants do not challenge this finding in this appeal.

at worst, it is requesting reconsideration . . . . There must be finality to a case!" The chancellor stated that he was summarily overruling the Commonwealth's motion; however, no order memorializing that action appears in the record.

After receiving the report of the commissioner in chancery, the chancellor entered a final order dated September 21, 1998, in which the procedural history of the case from its inception is recounted and the interlocutory and final rulings are memorialized. Relevant to this appeal, the order makes express mention of the Commonwealth's original plea in bar and the denial of that motion. The chancellor awarded the complainants judgment for back overtime wages in the amounts determined by the commissioner in chancery, $254,770.92 in attorney's fees, and $16,638.21 costs.

The Commonwealth filed a petition for appeal assigning error to the chancellor's failure to sustain its plea in bar and to the determination that the complainants are not exempt employees under the FLSA. By order dated April 8, 1999, we awarded the Commonwealth this appeal.

On June 23, 1999, after the Commonwealth had filed its opening brief, the United States Supreme Court decided the case of Alden v. Maine, ___ U.S. ___, 119 S.Ct. 2240 (1999). The procedural history and factual background of Alden are remarkably similar to those of the present case. Alden involved

9

the claims of juvenile probation officers employed by the State of Maine for back overtime wages under the FLSA. The claims raised in Alden had first been asserted in a suit filed in federal court, but this suit was dismissed before judgment was entered following the determination in Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996), that Congress lacked the authority to abrogate the states' sovereign immunity from suit in the federal courts. An action was then filed in state court in Maine, where it was dismissed on the ground that, absent a waiver by the state, sovereign immunity barred that suit also. The Maine Supreme Judicial Court upheld this ruling and the United States Supreme Court granted certiorari.

In affirming the judgment of the Maine courts, the Court held that "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." Alden, ___ U.S. at ___, 119 S.Ct. at 2246. The Court further found that Maine had not waived its sovereign immunity and, thus, had not consented to the suit. Id. It is important to note that sovereign immunity was the only issue addressed in Alden. Although the opinion states that Maine "has altered its conduct so that its compliance with the federal law cannot now be questioned," id. at ___, 119 S.Ct. at 2269, the

10

Court did not address whether these particular juvenile probation officers were "exempt" or "nonexempt" employees.

On July 28, 1999, we granted the Commonwealth's motion to file a supplemental brief addressing the application of Alden and, thereafter, briefs were filed by both parties.

DISCUSSION

Alden clearly establishes that the Commonwealth may not be sued by state employees in its own courts for an alleged violation of the FLSA without its consent. That consent in the context of an FLSA action brought by state employees must be established by a waiver of the Commonwealth's sovereign immunity. Here, the Commonwealth asserts that it has not consented to such suits and, therefore, the trial court's judgment must be reversed. The complainants contend, however, that by its actions and omissions in this case, the Commonwealth has waived its claim of sovereign immunity. We disagree with the complainants.

The complainants' initial contention is based on the established rule of appellate procedure in this Commonwealth that if a matter is appealed and a party fails to preserve a challenge to an alleged error made by the trial court by assignment of error or cross-error, the judgment of the trial court becomes final as to that issue, a doctrine commonly referred to as the "law of the case," and precludes further

11

litigation of that issue if the case is remanded to the trial court for further proceedings by the appellate court.  See Lockheed Information Management Systems v. Maximus, 259 Va. ___, ___, ___ S.E.2d ___, ___ (2000)(decided today); Searles' Adm'r v. Gordon's Adm'r, 156 Va. 289, 294-98, 157 S.E. 759, 761-62 (1931).  Although the Commonwealth has asserted its sovereign immunity throughout the proceedings in the trial court, as recited above the Commonwealth did not assign cross-error in the initial appeal to the trial court's ruling that the Commonwealth was not immune from this suit under the doctrine of sovereign immunity.  However, this rule of appellate procedure and the resulting finality of judgments are not applicable to the issue of sovereign immunity in this case.

This is so because only the legislature acting in its policy-making capacity can abrogate the Commonwealth's sovereign immunity.  In the absence of such action by the legislature, the courts of this Commonwealth do not have the necessary jurisdictional authority to entertain FLSA actions brought against the Commonwealth by its employees.  Thus, the issue of wavier of sovereign immunity in this case does not turn upon the preservation of arguments about the defense, but upon whether the Commonwealth acting through the legislature has acted to vest the circuit court with jurisdiction to entertain this action.  Accordingly, we initially conclude, contrary to the

complainants' contention, that the actions of an attorney for the Commonwealth on a procedural matter are obviously not those of the legislature in its policy-making capacity and, therefore, those actions cannot constitute the Commonwealth's waiver of its sovereign immunity and consent to the FLSA suit in this case.

The complainants further contend that even if the Commonwealth has not waived its right to assert sovereign immunity by its actions in this case, it has done so generally by statute. Citing Code § 8.01-192, which provides in pertinent part that "[w]hen the Comptroller or other authorized person shall disallow . . . any such claim against the Commonwealth as is provided for by [§ 2.1-223.1] . . . the person presenting such claim may petition an appropriate circuit court for redress," the complainants contend that their claim for back wages should be construed as a claim to recover a debt owed under their contracts of employment. They assert that because the chancellor ultimately found that they were non-exempt employees entitled to receive overtime pay, their suit constitutes a valid "pecuniary claim against the Commonwealth." Code § 2.1-223.1.

We will assume, without deciding, that a claim for unpaid wages by a state employee would be subject to the waiver found in Code § 8.01-192. But see Code § 2.1-116.06(C) (providing that the "establishment and revision of wages" is not subject to

13

grievance hearing). The principal difficulty with the complainants' contract debt theory, however, is that their suit was not brought in the style of a contract claim or in the manner prescribed for such claims by the statutory scheme and case law they cite in support of their position. Although the complainants' assert on brief that they pursued administrative remedies prior to advancing their claims in litigation, the record does not support this assertion. Moreover, even if we were to accept this assertion, their suit still would not satisfy the requirements for seeking payment of a contract debt from the Commonwealth as prescribed by the statute.

The complainants' urge, however, that the waiver of sovereign immunity for claims against the Commonwealth should be broadly construed to act as a general waiver whenever the remedy sought might be characterized as a claim for a debt owed under a contractual relationship regardless of the nature of the proceeding in which the claim is brought or the theory advanced to assert that claim. This proposition ignores the basis underpinning the Commonwealth's assertion of sovereign immunity in this case.

As the Commonwealth notes, the plea in bar was advanced in order to exercise the Commonwealth's prerogative not to be subject to suit in her own courts pursuant to an act of Congress. The issue is not one of the avoidance of a just

contract debt, but of the preservation of a right reserved to the states by the United States Constitution. We see no reason to vitiate that right by a broad and unwarranted interpretation of the legislative intent behind the limited waiver of sovereign immunity in Code § 8.01-192, and nothing in our cases interpreting that statute suggests that it should be applied in circumstances other than in claims properly instituted under that statute and the scheme provided for pursuing such claims in Code §§ 8.01-193 to -195.

Finally, the complainants contend that due process requires that the Commonwealth be barred from asserting its sovereign immunity in order to avoid liability for "an unconstitutional taking without just compensation." In essence, they are asserting that the back overtime wages they allege they are owed under the FLSA is a property right of which they have been unjustly deprived.[5] This novel theory rests on the faulty premise that the complainants' entitlement to an award of damages as prescribed by the FLSA for the Commonwealth's alleged failure to comply with the Act's overtime provisions accrues

---

[5]Within the same argument the complainants assert that the taking is the result of the Commonwealth not fulfilling its obligation to pay overtime under their employment contracts. This assertion is merely an attempt to recast the prior contention that their suit should be deemed a contract debt action.

15

independent of the complainants' ability to maintain and prevail in an action for those damages.  Under the complainants' theory, the Commonwealth's potential liability on any claim would require a "due process waiver" of its sovereign immunity since the failure to pay the putative damages would, prospectively, constitute a governmental taking without just compensation.

Contrary to the complainants' assertion, the failure to compel the Commonwealth to make this "due process waiver" does not unjustly deprive them of a remedy under the FLSA.  As noted in Alden, for example, the FLSA provides for a remedy in the form of a suit by the federal government on behalf of the employees.  Alden, ___ U.S. at ___, 119 S.Ct. at 2269. Moreover, even in the absence of an alternative remedy, it is self-evident that the doctrine of sovereign immunity cannot be overcome simply on the ground that it deprives a claimant of a recovery, for that is the very nature of the doctrine when it is properly applied.

For these reasons, we hold that the Commonwealth has not waived its sovereign immunity and, thus, has not consented to be sued in its own courts by its employees for an alleged violation of the FLSA.  Accordingly, applying Alden, we will reverse the chancellor's denial of the Commonwealth's plea of sovereign

16

immunity and enter final judgment for the Commonwealth with

respect to those claims.[6]

Reversed and final judgment.

---

[6]Because we hold that the Commonwealth was not subject to being sued by its employees in its own courts, we need not consider the Commonwealth's further assignment of error addressing the chancellor's finding that the complainants were non-exempt employees.  Moreover, we reject the complainants' contention that even if the Commonwealth was entitled to assert its claim of sovereign immunity, the fact that they "prevailed" on the merits after that claim was erroneously denied entitles them to recover the attorney's fees and costs awarded to them by the chancellor.  Because of our holding that the Commonwealth cannot be sued by its own employees under the FLSA, it cannot be required to pay the attorney's fees and costs of such litigants when a suit is allowed improperly to go forward.