# CIRCUIT COURT OF THE CITY OF RICHMOND

R. H. Griffin et al.

v.

Virginia Department
of Transportation

May 10, 2000

Case No. LB-2505-1

BY JUDGE MELVIN R. HUGHES, JR.

In separate suits by 350 individual plaintiffs, claims are made under the federal Fair Labor Standards Act for overtime pay. The plaintiffs are all highway inspectors employed by the Virginia Department of Transportation. Last year, sixty plaintiffs were consolidated in one trial. That trial resulted in verdicts for the defendants. The remaining cases are pending.

In the meantime, the case of *Alden v. Maine*, 527 U.S. ___ (1999), has been decided. *Alden* holds that "the powers delegated to Congress under Article 1 of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." *Alden*, 527 U.S. ___ (1999). The Supreme Court of Virginia has followed *Alden* and has dismissed a case against the Commonwealth brought by probation officers who sought back overtime wages under the FLSA. *See Commonwealth v. Luzik*, 259 Va. 198 (2000). The *Luzik* Court specifically based its decision to dismiss upon the Commonwealth's assertion of sovereign immunity. *See Luzik*, 259 Va. at 208-09. So, in light of *Alden* and *Luzik*, it is now clear that the Commonwealth's motion to dismiss on sovereign immunity grounds instead of being denied, as this court has done, should have been granted. Thus, the Commonwealth has now moved to dismiss plaintiffs' cases based on *Alden* and *Luzik*.

In addition to defendant's motion to dismiss, the court has before it the Secretary of the Department of Labor's motion to intervene. By intervening

and being made a party, the Secretary seeks to use its enforcement power conferred by 29 U.S.C. § 216 to pursue some of the plaintiffs' claims to collect overtime pay. At the hearing, the Department of Labor advised the court that whatever recovery the Department obtains will be turned over to each plaintiff to satisfy each individual's claim.

The Secretary cites Rules 3:14 and 3:15 and Virginia Code § 8.01-7 in support of the right to seek intervention.[1] Rule 3:14 permits the court to add new parties while Rule 3:15 permits the substitution of parties. Section 8.01-7 also authorizes the addition of new parties.

Neither intervention nor substitution is appropriate in this case given its posture. The rule governing substitution contemplates substituting for a party who has become unable to continue a claim previously advanced for reasons of physical or legal incapacity. The action would presumably continue either by a representative, as for a decedent or a legal incompetent, or by the next person to take office in the event of a party's removal from office. The Department of Labor does not ask to take the place of these plaintiffs as their representative, but asks to be joined to enforce powers beyond those of the original plaintiffs to the action. The court cannot substitute the Department as a party.

Regarding intervention, the rules currently do not contemplate the possibility, contrary to equity procedure. *See* Rule 2:15. Rather, they evince an intention to include new parties, parties who have claims or defenses germane to the issues and whose rights and obligations can be adjudicated alongside others who are presently situated in existing litigation as parties. Here, the Department will not litigate alongside the current plaintiffs because the plaintiffs' actions are barred by the Commonwealth's plea of sovereign immunity as articulated in *Alden* and *Luzik*. The case is over before the Department can intervene. *Alden* effectively ends these cases. There is nothing left to be done except the formality of ruling on a motion to dismiss which the Commonwealth has filed.

The court will grant the Commonwealth's motion and deny the Secretary of Labor's motion to intervene.

---

[1] Notably, the Supreme Court promulgated Rule 3:19 on February 4, 2000, effective July 1, 2000. The new rule specifically will allow intervention in actions at law, a practice which allegedly has been permitted in certain cases as mentioned in the Advisory Committee note to the new rule. A review of those cases, however, reveals that the Supreme Court has never held specifically that intervention is to be permitted in actions at law under circumstances similar to the instant case.

## *Order*

On April 26, 2000, came the Secretary of the Department of Labor for the United States on a motion to intervene and came the defendant on a motion to dismiss. For the reasons mentioned in the court's letter to counsel dated May 10, 2000, the Secretary of Labor's motion is denied and the defendant's motion to dismiss is granted. And nothing further remaining to be done herein, the issue is dismissed and the papers placed among the ended causes.