COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia

WENDY KAY SWEARENGIN

                                MEMORANDUM OPINION[*] BY

v.    Record No. 1798-00-3        SAM W. COLEMAN III
                                     JUNE 26, 2001

DEPARTMENT OF SOCIAL SERVICES OF THE
 CITY OF STAUNTON

FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Humes J. Franklin, Jr., Judge

John W. Appleford (Law Offices of John W.
Appleford, on briefs), for appellant.

(James Glick; Vellines, Cobbs, Goodwin &
Glass, P.L.C., on brief), for appellee.


Wendy Kay Swearengin appeals the decision of the circuit court terminating her parental rights to her sons, Joshua and Jacob. She contends on appeal that the circuit court erred in terminating her parental rights because it was bound by the juvenile and domestic relations district court consent decree which had as its agreed goal the return of her two sons to her home. She argues that the juvenile and domestic relations district court decree was based upon a contractual entrustment agreement which was binding upon the parties and that agreement, when approved by the juvenile court, became the law of the case

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and was binding on the circuit court. Swearengin asserts that the Department of Social Services (DSS) was bound by the agreement which precluded it from seeking termination of her residual parental rights and for DSS to do so would be a breach of the contract which the juvenile and domestic relations district court approved. Because these issues were not raised in the de novo circuit court hearing, they were not properly preserved for appeal and we cannot consider them here for the first time. Rule 5A:18. Accordingly, we affirm the trial court.

ISSUES ON APPEAL

Swearegin presents the following questions on appeal in her opening brief:

> I. Did the Agreement of the parties on October 15, 1998 providing for foster care for the Swearengin children while appellant was in prison followed by return to the mother of their custody upon her release, and the subsequent Order of the Juvenile and Domestic Relations District Court entered on January 14, 1999 approving that Agreement and foster care plan, become the law of the case so as to preclude the subsequent entry by the Juvenile and Domestic Relations District Court and Circuit Courts of orders terminating appellant's parental rights?

> II. Did the circuit court err in ordering the termination of appellant's parental rights after the Juvenile and Domestic Relations District Court had erred in directing appellee to file for such termination because of "the parents' extensive history with the court system," and the fact "both parents are incarcerated," when (a) all parties to the

> dispute had agreed that the mutual plan was foster care for the children followed by return home upon appellant's release from prison; and (b) that plan had in fact been approved by the Juvenile and Domestic Relations District Court?

Swearengin contends that she preserved the foregoing questions for appeal based upon the following circuit court proceeding:

> The objection was made and the questions thereby preserved by the filing by appellant of the Agreed Order (App. 7), as Defendant's Exhibit A in defense of the parental rights termination petition, and by appellant's unsuccessful request of the court to enforce the Agreed Order as written and to deny the petition. No transcript of the hearing was made so as to memorialize the specific time this request was made.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. The record fails to show that Swearengin raised or argued in the trial court the issues she now raises on appeal. The trial court's letter opinion and final order do not reflect that appellant raised those issues before it, the final order was signed without comment or objection by Swearengin's attorney, and the letter opinion indicates that the only issue raised and argued by Swearengin in the trial court was whether DSS bore its burden to prove by clear and convincing evidence "the necessary elements under Section 16.1-283." Because Swearegin argues issues on appeal other than the sufficiency of

-3-

the evidence to support the order of termination, Rule 5A:18 bars our consideration of these questions on appeal.

The filing of the "Agreed Order" from the juvenile and domestic relations district court and merely requesting that the court enforce that order in the de novo proceeding was insufficient to place the circuit court on notice of Swearengin's contentions that the return-to-home provision of the entrustment agreement was contractually binding on the parties and had become the controlling law of the case. Without a pleading or argument presented in the circuit court expressly presenting those issues to the circuit court, Swearengin did not raise these questions in the circuit court and has not preserved the issues for appeal.

Furthermore, the "Agreed Order" contains no statements indicating that Swearengin argued in the juvenile court that the "return-to-home" provision of the entrustment agreement was contractually binding on DSS and on the courts. Moreover, because we review appeals from courts of record, Code § 16.1-405, the "Agreed Order" from the juvenile court does not preserve an issue being appealed to this Court from the circuit court. See Code § 16.1-136 (an appeal to a circuit court from a court not of record is tried de novo).

Thus, because Swearengin's claims of breach of contract and application of the law of the case doctrine were not raised in the de novo hearing in the circuit court, see Commonwealth v.

-4-

<u>Luzik</u>, 259 Va. 198, 206, 524 S.E.2d 871, 876 (2000); <u>American Filtrona Co. v. Hanford</u>, 16 Va. App. 159, 164, 428 S.E.2d 511, 514 (1993), and because trial courts are vested with broad discretion in making decisions regarding a child's best interests, <u>Logan v. Fairfax County Dep't of Human Development</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), the record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>