## Richmond

KENYON PECK, INCORPORATED, T/A BOB PECK CHEVROLET v. W. H. KENNEDY, ZONING ADMINISTRATOR FOR THE COUNTY OF ARLINGTON.

June 16, 1969.

Record No. 6939.

Present, All the Justices.

*C. Wynne Tolbert* (*Tolbert, Lewis and Fitzgerald*, on brief), for appellant.

*Jerry K. Emrich, Assistant County Attorney* (*William J. Hassan, Commonwealth's Attorney*, on brief), for appellee.

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Kenyon Peck, Incorporated, trading as Bob Peck Chevrolet, an automobile dealer in Arlington county, filed this suit for a declaratory judgment against the defendant, W. H. Kennedy, zoning administrator for the county of Arlington, praying that section 26, subsection B, of the Arlington county zoning ordinance, which prohibits advertising by means of outdoor moving signs or devices, be declared unconstitutional on the ground that the prohibition represents an illegal and arbitrary exercise of the county's police powers. Plaintiff also prayed that a permanent injunction be issued restraining the enforcement of the ordinance.

The trial court heard the evidence ore tenus, filed a memorandum opinion, and entered its decree upholding the validity of the ordinance and denying the injunction. Plaintiff has appealed.

Plaintiff contends that the trial court erred in not holding section 26B of the ordinance invalid because (1) it unlawfully prohibits any moving sign or device throughout the county, without regard to its distance or ability to be seen from public thoroughfares; (2) it is an unreasonable, arbitrary and excessive exercise of the county's police powers; and (3) the exception in section 26B allowing a new or different business to temporarily display the prohibited signs and devices illustrates that the prime objective of the ordinance is the control of aesthetics, and is thus beyond the legitimate field of regulation.

Section 26B of the Arlington county zoning ordinance[1] reads as follows:

"B. Prohibited Signs:
"The following types of signs are prohibited:
"Any moving sign or device to attract attention, whether or not any said device has written message content, of which all or any part moves by any means, including fluttering, rotating, or otherwise moving devices, or set in motion by movement of the atmosphere (including but not limited to pennants, flags, propellers, discs, etc.) provided, however, that moving signs associated with the opening of a new or different business may be permitted for a period not exceeding fifteen (15) days; a sign permit shall be required for any said sign."

1. For State statute prohibiting certain advertising see Code § 33-317, as amended, 1968 Cum. Supp.

The ordinance defines a sign as: "Any word, numeral, figure, design, trademark, flag, pennant, twirler light, display or other device of any kind which, whether singularly or in any combination, is used to direct, identify, inform, persuade, advertise or attract attention for the purpose of visually attracting attention of the public while viewing the same from outdoors."

Robert A. Peck, president of the plaintiff corporation, testified that the corporation owns and operates a new car facility at 800 North Glebe Road and a used car lot at 2636 Wilson Boulevard, in Arlington county; that it displayed pennants around the exterior of each location; that the pennants were small strips of colored plastic, either rectangular or triangular in shape, suspended from a string or cord and fluttered by the stirring of the wind; and that this form of advertising is generally used by General Motors dealers throughout the country.

Richard Arms, director of planning for Arlington county, testified that the planning staff under his direction submitted considerable background information relating to the signs and devices in question to the county board prior to the adoption of section 26B. "This background included a discussion and presentation concerning the following areas: (a) Use of highways to attract attention. (b) Areas of coverage. (c) Prior enforcement in the County of Arlington. (d) Information concerning the types of devices which take drivers' attention from the highway, including luminous items, strobe lights, twirlers and pennants. (e) The amount of time a motorist's attention was taken and the subject of safety in the use of highways."

The legal principles controlling the present case are delineated in *Board of Supervisors* v. *Carper*, 200 Va. 653, 660, 107 S. E. 2d 390, 395 (1959), as follows:

"The general principles applicable to a judicial review of the validity of zoning ordinances are well settled. The legislative branch of a local government in the exercise of its police powers has wide discretion in the enactment and amendment of zoning ordinances. Its action is presumed to be valid so long as it is not unreasonable and arbitrary. The burden of proof is on him who assails it to prove that it is clearly unreasonable, arbitrary or capricious, and that it bears no reasonable or substantial relation to the public health, safety, morals, or general welfare. The court will not substitute its judgment for that of a legislative body, and if the

reasonableness of a zoning ordinance is fairly debatable it must be sustained. *Board of County Supervisors of Fairfax County* v. *Davis,* 200 Va. 316, 322, 106 S. E. 2d 152, 157; *West Bros. Brick Co.* v. *City of Alexandria,* 169 Va. 271, 288, 192 S. E. 881, 888 (appeal dismissed 302 U. S. 658, 58 S. Ct. 369, 82 L. ed. 508, rehearing denied 302 U. S. 781, 58 S. Ct. 480, 82 L. ed. 603). The exercise of the police power is subject to the constitutional guarantee that no property shall be taken without due process of law and where the police power conflicts with the Constitution the latter is supreme, but courts will not restrain the exercise of such power except when the conflict is clear. *West Bros. Brick Co.* v. *City of Alexandria,* supra (169 Va. at 281, 192 S. E. at 885)."

■ Plaintiff first challenges the validity of the ordinance on the ground that it prohibits the signs and devices in question from being displayed throughout the county, without regard to their distance or ability to be seen from a public thoroughfare.

It is a fundamental principle of constitutional law that one challenging the constitutionality of a statute or ordinance has the burden of showing that he himself has been injured or threatened with injury by its enforcement. It is of no benefit to him to point out that some other person might conceivably be discriminated against by the provisions of the ordinance. *De Febio* v. *County School Bd. of Fairfax County,* 199 Va. 511, 514, 100 S. E. 2d 760, 762, 763 (1957); *Avery* v. *Beale,* 195 Va. 690, 706, 80 S. E. 2d 584, 593 (1954); *Grosso* v. *Commonwealth,* 177 Va. 830, 839, 13 S. E. 2d 285, 288 (1941).

Plaintiff does not dispute that the pennants it displayed were readily visible from a major public thoroughfare. It merely argues that some other person may be discriminated against by the provisions of the ordinance. Since this argument does not show injury to the plaintiff, it is not a valid ground upon which it can rely.

■ Plaintiff next contends that the ordinance is invalid because it is an unreasonable, arbitrary and excessive exercise of Arlington county's police powers, and bears no relation to the public health, safety, morals or general welfare. We do not agree.

Prior to the adoption of the ordinance, the planning commission of the county presented to the county board the benefit of a study on the effect of moving signs, pennants and devices on safe driving. The first paragraph of the preamble of the ordinance recites, among other things, the legislative desire to "secure safety of the streets." The evi-

dence shows that moving signs, pennants and devices are a menace to safe driving. There is no evidence to the contrary.

Under the principles set out in *Board of Supervisors* v. *Carper, supra,* the ordinance is presumed to be valid and the burden is on him who assails it to prove that it is clearly unreasonable and arbitrary and that it bears no reasonable or substantial relation to public safety. Here the plaintiff introduced no evidence showing that the ordinance is not for the promotion of public safety, and thus it has failed to carry its burden of proof. The regulations embrace safety of public travel from distractions likely to cause injury. The ordinance is not unreasonable and arbitrary and it was within the scope of the county's police power to regulate such advertising in the interest of public safety.

Plaintiff says in his reply brief that "There is no question in this case of an unreasonable classification* * *. The fifteen-day temporary exclusion of new businesses from the ordinance is cited in appellant's opening brief only to illustrate the sole objective of the ordinance, that is, the control of aesthetics." It does not claim to be in the temporarily exempt category.

Thus plaintiff contends in his last assignment of error that the temporary exclusion clause in the ordinance shows that the sole objective of the ordinance is the control of aesthetics, which is not a legitimate ground for regulation.

There is a generally accepted rule that a State, municipality or county cannot limit or restrict the use which a person may make of his property under the guise of its police power where the exercise of such power would be justified solely on aesthetic considerations. However, aesthetic considerations are not wholly without weight and need not be disregarded in adopting legislation to promote the general welfare. *West Bros. Brick Co.* v. *Alexandria, supra,* 169 Va. at 282, 283, 192 S. E. at 885, 886; 16 Am. Jur. 2d, Constitutional Law, § 292, pp. 569-572, and the cases there cited in the footnotes.

Although aesthetic considerations alone may not justify police regulations, the fact that they enter into the reasons for the passage of an act or ordinance will not invalidate it if other elements within the scope of police power are present. *Sundeen* v. *Rogers,* 83 N. H. 253, 141 A. 142, 57 A.L.R. 950, 955 (1928); *Welch* v. *Swasey,* 193 Mass. 364, 79 N. E. 745, 746, 23 L.R.A. (N.S.) 1160, 118 Am. St. Rep. 523 (1907), *id.* 214 U. S. 91, 53 L. ed. 923, 29 S. Ct. 567; *Wulfsohn* v. *Burden,* 241 N. Y. 288, 150 N. E. 120, 123, 43 A.L.R. 651 (1925);

16 Am. Jur. 2d, Constitutional Law, § 292, p. 571, and the numerous cases there cited.

As heretofore pointed out, there was substantial and undisputed evidence that the prohibited signs and devices diverted and occupied the attention of drivers of vehicles traveling on public streets. This impediment to safe driving was a factor considered by the county board in enacting the ordinance and it was so stated in its preamble.

Even if it be assumed for the purpose of argument that aesthetic considerations entered into the reason for the enactment of the ordinance by virtue of the fifteen-day exclusion clause, this does not show that the ordinance was based solely on aesthetics because the public safety element present in the regulation is within the scope of the county's police power.

We hold that section 26B of the ordinance enacted under the police power of the county is valid and, for the reasons stated, the decree is

*Affirmed.*