Present:  All the Justices

THANH VAN TRAN

v.  Record No. 002810    OPINION BY JUSTICE ELIZABETH B. LACY
                                        November 2, 2001
JANE W. GWINN, FAIRFAX COUNTY
ZONING ADMINISTRATOR

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

The primary issue in this appeal is whether a zoning ordinance prohibiting the use of property in a residential conservation district for "churches, chapels, temples, synagogues, and other such places of worship" without a special use permit is constitutional.

The property at issue in this case is a five-acre parcel zoned as a residential conservation district (R-C District) and containing a single-family dwelling and a detached three-car garage structure.  Thanh Van Tran, a Buddhist monk and president of the Vietnamese Buddhist Association (VBA), moved to the subject property in 1989.  At the time, VBA owned the property and intended to build a temple on the property.  Under the Fairfax County Zoning Ordinance, using the property as a church or other such place of worship required a special use permit.  VBA conducted worship services at the site and, on June 21, 1989, submitted an application for such a permit.  VBA withdrew the application prior to action by the Zoning Evaluation Division.

Following the initial application, and in response to neighbors' complaints, the zoning administrator's office conducted several inspections of the property and issued notices of violation in January and February 1992, for use of the property as a place of worship without a special use permit. On March 20, 1992, VBA notified the zoning administrator that it would conduct no further religious services without obtaining a special use permit. VBA received an additional notice of violation on February 8, 1993. In November 1994, VBA filed a second application for a special use permit but the application was again withdrawn.

A fourth notice of violation was issued in March 1999. Tran appealed the March notice to the Board of Zoning Appeals (BZA).[1] The BZA upheld the zoning administrator's finding that Tran and VBA were operating a place of worship. Tran did not appeal the finding to the trial court. Code § 15.2-2314.

Based on information that Tran and VBA continued to use the property as a place of worship, Jane W. Gwinn, Fairfax County Zoning Administrator (hereinafter "the County"), filed this action against Tran in the Circuit Court of Fairfax County for declaratory judgment and injunctive relief to enforce the zoning ordinance. In his Answer, Tran responded

---

[1] Through a series of conveyances, Tran became the sole owner of the property in March 1999.

2

that he was using the property for private worship in his home, not as a place of worship; that the ordinance was unconstitutionally vague and overbroad as written; and that it violated his First Amendment rights of religion, speech, and association.

Following an ore tenus hearing, the trial court agreed with the County that, because the BZA's finding that a church was being operated on Tran's property had not been appealed, it was a thing decided; nevertheless the trial court went on to make independent factual findings based on the evidence produced at the hearing. The trial court held that the detached garage on Tran's property was "outfitted to operate like a temple or church, that it accommodates a fairly large number of people, that it is regularly used to conduct religious services," and that the evidence was "overwhelming" that Tran was "operating this facility as a church." The trial court concluded that Tran's use of his property as a place of worship without a special use permit violated § 2-303(1) of the zoning ordinance. The trial court also held that the zoning ordinance was "a neutral law of general applicability that does not burden [Tran's] free exercise of his religion" and was not unconstitutionally vague either on its face or as applied to Tran. The trial court entered a

final decree incorporating these findings and enjoining Tran from violating the zoning ordinance.

Tran appeals, asserting that the injunction and zoning ordinance violate his constitutional rights of due process and free exercise of religion. Specifically, he states that the decree and ordinance upon which it is based "violate the constitutional standard of legislative and judicial neutrality with respect to religion" and that the ordinance and injunction are "unconstitutionally vague and overly broad as applied to worship-related conduct in a residence."

As a preliminary matter, we note that Tran continues to argue here, as he did before the trial court, that he was using his property for private worship, not as a "church or other place of worship." The trial court rejected this argument based on the evidence produced at trial and Tran has not appealed the trial court's factual finding that he was using his property as a church or place of worship. Accordingly we consider Tran's arguments in the context of the operation of a church or other place of worship. We first consider Tran's free exercise and due process arguments as they apply to the ordinance.

## I. The Ordinance

Neither this Court nor the United States Supreme Court has previously considered whether a local zoning ordinance

4

which allows churches in residential districts only under a special use permit unconstitutionally burdens the free exercise of religion.[2]

However, other courts addressing the issue have generally concluded that zoning ordinances which regulate the location of churches within the community impose only a minimal burden on the right to the free exercise of religion.  These cases have consistently held that limiting church operations to a specific area or requiring a conditional use permit does not regulate religious beliefs, does not regulate conduct related to those beliefs, and does not have the purpose of impeding religion or the effect of discriminating among religions. See, e.g., Christian Gospel Church v. City and County of San Francisco, 896 F.2d 1221, 1224 (9th Cir. 1990)(holding only minimal burden of "convenience and expense" resulted from denial of a permit to use residence as church); Messiah Baptist Church v. County of Jefferson, 859 F.2d 820, 825 (10th Cir. 1988)(holding that zoning ordinance may burden church with additional expenses, but "financial consequences to the

---

[2] Although the United States Supreme Court has recognized that subjecting religious institutions to zoning regulations is a proper contact between church and state, see generally, Lemon v. Kurtzman, 403 U.S. 602, 614 (1971), the impact of a specific zoning ordinance on church activities was considered by the United States Supreme Court only in the context of a challenge to the zoning ordinance under a federal statute. City of Boerne v. Flores, 521 U.S. 507, 511 (1997).

5

church do not rise to infringement of religious freedom");
Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v.
City of Lakewood, 699 F.2d 303, 307 (6th Cir. 1983)(deciding
zoning ordinance prohibiting construction of church in
residential district is "purely secular act" that results in
only "indirect financial burden"); Grosz v. City of Miami
Beach, 721 F.2d 729, 739 (11th Cir. 1983) (finding that zoning
ordinance imposed degree of burden that "stands towards the
lower end of the spectrum"); Area Plan Commission of
Evansville & Vanderburgh County v. Wilson, 701 N.E.2d 856, 860
(Ind. Ct. App. 1998) (stating that "inclusion of churches and
church-operated facilities as special uses in the ordinance
does not evince an intent to regulate religious belief"),
transfer denied, 714 N.E.2d 171 (Ind. 1999), cert. denied, 528
U.S. 1019 (1999).

The instances in which a zoning ordinance was found to
impermissibly regulate religious conduct in a manner
inconsistent with free exercise requirements can be
distinguished.  Those instances involved the constitutionality
of a zoning ordinance as applied.  In Islamic Center of
Mississippi, Inc. v. City of Starkville, 840 F.2d 293, 294
(5th Cir. 1988), the court held that refusing an exception to
allow use of a building as a Muslim mosque was
unconstitutional because exceptions had been allowed for

6

Christian churches.  The court in that case concluded that the city did not act in a religiously neutral manner in denying the exception, that is, it favored Christian churches over Muslim mosques.  Id.; see also, Cam v. Marion County, 987 F. Supp. 854, 865 (D. Or. 1997) (holding that denial of permit to establish a new church in agricultural building violated the establishment clause because the statute as applied demonstrated government preference for an existing church.)[3]

Most of these cases were decided when the jurisprudence of the constitutional right of free exercise of religion included an analysis in which the burden imposed on the right was balanced against the governmental interest involved. Sherbert v. Verner, 374 U.S. 398, 403 (1963).  In 1990, the Supreme Court restricted the use of the balancing test to workers' compensation issues, and held that a generally applicable law that is neutral as to religion does not violate the First Amendment, even if it incidentally burdens a religious practice.  Employment Division, Dept. of Human Resources of Oregon v. Smith, 494 U.S. 872, 878-79, 881 (1990).[4]  Nevertheless, the cases cited above remain

---

[3] As indicated above, no decision has been made regarding a special use permit for Tran's property because the applications were withdrawn on two separate occasions.

[4] This test has, to date, only been applied by the Supreme Court in cases involving criminal statutes or ordinances, see, e.g., Smith; Church of Lukumi Babalu Aye, Inc. v. City of

instructive in determining the First Amendment tolerance for zoning regulation of land used for religious purposes.

In light of those cases and the record in this case, we conclude that the Fairfax Zoning Ordinance requiring a special use permit to use property in the R-C district as a synagogue, temple, church, or other place of worship imposes a minimal and incidental burden on the constitutional right of free exercise of religion.[5]  The ordinance does not totally

---

Hialeah, 508 U.S. 520 (1993), and may not be applicable if the free exercise claim is invoked with another first amendment claim.  Smith, 494 U.S. at 881-882.

[5] Section 2-303(1) of the Fairfax County Zoning Ordinance provides:

> No use of a structure or land that is
> designated as a special permit use in any
> zoning district shall hereafter be established,
> and no existing use shall hereafter be changed
> to another use that is designated as a special
> permit use in such district, unless a special
> permit has been secured from the BZA in
> accordance with the provisions of Article 8.

Part C of Article 3 of the ordinance regulates the use of land in the Residential-Conservation District and § 3-C02 lists the land uses permitted as a matter of right in the R-C District:

>     1. Accessory uses and home occupations as
>        permitted in Article 10.
>     2. Agriculture, as defined in Article 20.
>     3. Dwellings, single family detached.
>     4. Privately-owned dwellings for
>        seasonable occupancy, not designed or
>        used for permanent occupancy, such as
>        summer homes and cottages, hunting and
>        fishing lodges and cabins.
>     5. Public uses.

Section 3-CO3 of the ordinance identifies a number of uses labeled "Group uses" which are allowed with a special use

prohibit operation of a church in the R-C district and any financial cost associated with the permit process or relocation of the church does not impact any religious belief or practice and thus is not of constitutional dimension. Therefore, the Constitution will tolerate zoning ordinances of this type.

Despite the lack of impact this zoning ordinance has on religious conduct, it must still be considered under the standard established in Smith, which presumes the constitutionality of ordinances that are "neutral, generally applicable regulatory law."  Smith, 494 U.S. at 880.  In applying this standard, "neutrality and general applicability are interrelated, and . . . failure to satisfy one requirement is a likely indication that the other has not been satisfied." Hialeah, 508 U.S. at 531.

Tran argues that the ordinance does not satisfy the Smith test.  Tran asserts that the ordinance is not neutral or generally applicable because it "target[s] religiously motivated conduct occurring at Tran's home" and because it relies on "highly 'individualized' determinations" regarding

---

permit.  Included among these are Institutional Uses, Community Uses, Outdoor Recreation Uses, Older Structures, Temporary Uses and Uses Requiring Special Regulation. Use of the land as a church or other place of worship is included within Institutional Uses and thus is permitted under a special use permit.  § 3-CO3(1)(A).

9

the types of gatherings at persons' homes.  We reject these arguments.  The premise underlying Tran's position is that whenever a church or place of worship is subjected to local zoning regulations, the regulation, by definition, is not neutral.  However, Tran points to no case, and we can find none, holding that churches or other such places of worship are exempt from zoning ordinances because any such ordinance unconstitutionally impacts the free exercise of religion.  Such a broad statement has no support in case law.  Instead, case law requires each ordinance to be examined individually to determine if "the object of [the] law is to infringe upon or restrict practices because of their religious motivation," Hialeah, 508 U.S. at 533, and if the complained of ordinance was enacted, "because of, not merely in spite of" a religious practice.  Id. at 540 (internal quotation marks omitted).  If so, then the ordinance lacks the necessary neutrality.

In Smith, the Court indicated that a statute or ordinance lacks neutrality if it "attempt[s] to regulate religious beliefs, the communication of religious beliefs, or the raising of one's children in those beliefs."  The fact that use of land for churches or other places of worship is not permitted as a matter of right does not require the conclusion that the ordinance is not neutral.  There is no evidence that

10

the object of the ordinance was to infringe upon or restrict certain practices because of their religious motivation.

The ordinance was enacted under the County's authority to provide for the general safety and welfare of the community, and allows uses that are beneficial to the community. Code § 15.2-2280; cf. § 15.2-2200 (legislative intent of Chapter 22). The legislative decision to develop a residential community in the R-C district included a determination that certain group uses of the property were compatible with the district and provided a permit system for that purpose. There is nothing in the ordinance "targeting" religious conduct and, to the extent the ordinance affects religious conduct in any way, it benefits religious exercise by allowing that group use in the R-C district.

Tran's complaint that the ordinance is not of general applicability because it requires "individualized" determinations is also flawed. The procedure requiring review by government officials on a case-by-case basis for a grant of a special use permit may support a challenge based on a specific application of the special use permit requirement, see, e.g., Islamic Center, but such a procedure does not alter the generally applicable nature of the ordinance.[6]

_____

[6] To the extent Tran argues about government involvement in this process, the Supreme Court has recognized zoning

11

Applying the test set out in Smith, we conclude that the ordinance at issue is a neutral law of general applicability. As the Supreme Court stated in Hialeah, "[a]ll laws are selective to some extent," but government, even "in pursuit of legitimate interests, cannot in a selective manner impose burdens only on" religious conduct. 508 U.S. at 542-43. The ordinance here does not selectively impose a burden on religion. The uses for which special use permits are required are group uses, including churches and other places of worship. This is not the type of selective regulation that is constitutionally offensive to the free exercise of religion.

Accordingly, we reject Tran's claim that by requiring a special use permit to use the property as a church or other such place of worship, the ordinance is facially unconstitutional as an impermissible burden on the free exercise of religion.

We also reject Tran's arguments that the ordinance is unconstitutional because it violates due process. Tran argues that the ordinance is unconstitutionally vague because it does not define "church, chapel, temple, synagogue, or other such

---

regulations as legitimate church-state contacts and acknowledged that some of those contacts might place a continuing burden on the state to insure that the conduct affording preferential treatment is present. Lemon v. Kurtzman, 403 U.S. 602, 614 (1971) (citing Walz v. Tax Commission, 397 U.S. 664 (1970)).

12

place of worship" and there is no "express standard" that establishes the "permissible nature, size, and frequency of gatherings at his home."[7]  Tran's conduct in operating a church falls squarely within the ordinance's application and Tran concedes as much by not appealing the factual determinations of the trial court and board of zoning appeals that he was operating a church.  The failure to appeal this factual finding precludes Tran from arguing here that the ordinance is vague or overbroad such that it violates his due process rights.  Nor can Tran be heard to complain about the rights of others who may be adversely affected by the ordinance.  Tran is not within the class of people who may raise a due process claim against this ordinance.  Fairfax County v. Parker, 186 Va. 675, 680, 44 S.E.2d 9, 11 (1947); see also, Kenyon Peck, Inc. v. Kennedy, 210 Va. 60, 63, 168 S.E.2d. 117, 120 (1969).

## II.  The Decree

Next we consider Tran's due process and free exercise challenges to the decree.[8]  However, Tran's arguments in

---

[7] Tran made this same argument in conjunction with his free exercise challenge; however, the argument is functionally a due process challenge and we will treat it as such.

[8] The decree contains the following provisions:

> 2.  The Respondent . . . shall . . . cease the use of the subject property as a place of worship and permanently remove . . . all items

13

support of his free exercise claim are directed at the ordinance, not the decree.  That issue was resolved in our prior discussion and we need not address Tran's free exercise claims further here.

Tran claims that the decree is unconstitutionally vague and overbroad because it enjoins him from using his property as a "place of worship, meeting hall, or other place of assembly" but that these phrases do not give him sufficient guidance for complying with the injunction and avoiding

related solely to such use, including but not limited to the shoe racks, collection box, and speaker system.  The Respondent shall not resume such use unless and until he has secured the approval of a valid Group 3 Special Permit allowing it.  Specifically, the Respondent shall not do or allow to be done any of the following:

> A.  Use the garage structure, the residence, or any other portion of the subject property as a place of worship, meeting hall, or other place of assembly without the proper approval(s) from all necessary authorities.

> B.  Advertise the subject property, by any medium, as a place of worship, meeting hall, or other place of assembly.

> C.  Use the subject property for memorial services, weddings, or other worship services.

Finally, the decree permanently enjoined Tran, his successors, agents, employees and tenants from using or allowing the property to be used in violation of the decree or the zoning ordinance.

further sanctions.  We agree that the trial court's decree is flawed, but we do not reach this decision on constitutional grounds.  See Board of Supervisors of Henrico County v. Commonwealth, 116 Va. 311, 312-13, 81 S.E. 112, 112 (1914)(determining case on non-constitutional grounds).

The injunction's prohibition against using the property as a "meeting hall, or other place of assembly" without a special use permit goes beyond the scope of the ordinance. The ordinance adopted by Fairfax County authorized the use of property in the R-C district for certain group activities with a special use permit.  Use of the property as a "meeting hall, or other place of assembly" was not a group use permitted with or without a special use permit.  The trial court effectively amended the ordinance by adding these uses to the uses permitted with a special permit in the R-C district when it prohibited these uses unless Tran "secured the approval of a valid Group 3 Special Permit."

Adopting or amending a zoning ordinance is a legislative act.  Hurt v. Caldwell, 222 Va. 91, 96, 279 S.E.2d 138, 141 (1981).  Thus, the trial court in this instance, assumed the legislative function and, in so doing, improperly breached the separation of powers.  City of Richmond v. Randall, 215 Va. 506, 513 n.3, 211 S.E.2d 56, 61 n.3 (1975); Board of Zoning Appeals of Town of Abingdon v. Combs, 200 Va. 471, 477, 106

15

S.E.2d 755, 759 (1959).  In this regard we also note that the prohibitions in the decree against using the property for "memorial services, weddings, or other worship services" and against advertising the property for the enjoined uses without obtaining the special use permit suffer from the same infirmity.

Finally, the ordinance addresses uses of the property, not objects located on the property.  The court has the authority to order the dismantling of an item or structure which by its existence violates a zoning ordinance.  Code § 15.2-2299; Zoning Ordinance § 18-901; see, e.g., Segaloff v. City of Newport News, 209 Va. 259, 163 S.E.2d 135 (1968); Cherrydale Cement Block Company v. Arlington, 180 Va. 443, 23 S.E.2d 158 (1942).

But the trial court does not have the authority, under the ordinance or case law, to order removal of objects that do not violate the ordinance by virtue of their location on the property.  Thus, the decree's requirement that Tran remove items "related solely to [the use of the property as a place of worship], including but not limited to the shoe racks, collection box, and speaker system" goes beyond the authority of the trial court.

The trial court overreached its authority in other respects by enjoining Tran from using the property as a place

16

of worship without a special use permit.  The decree prohibits Tran from using or permitting the property to be used "in violation of . . . Zoning Ordinance § 2-303(1)."  This prohibition effectively enjoins Tran from violating the law.  However, injunctions cannot issue merely to enjoin "all possible breaches of the law."  Swift & Co. v. U.S., 196 U.S. 375, 396 (1905).

A "first principle of justice" is that an injunction not be so vague as to "put the whole conduct" of a defendant at the "peril of a summons for contempt."  Id.  Instead, courts must navigate carefully between the extremes of issuing a decree that is so vague and overreaching that all actions by the defendant might potentially violate the decree and a decree that is so limited as to be ineffective in preventing the harm contemplated by the ordinance.  Hartford-Empire Co. v. U.S., 323 U.S. 386, 409-10 (1944); Swift, 196 U.S. at 395-96.  In considering this injunction, therefore, we are mindful that an injunction must be specific, be no more than necessary, and not be solely a command to comply with the law.  Hartford, 323 U.S. at 410; Swift, 196 U.S. at 396; Tuttle v. Arlington County School Board, 195 F.3d 698, 708 (4th Cir. 1999), cert. dismissed, 529 U.S. 1050 (2000).

In this case, the County sought and obtained a declaratory judgment that the collective effect of the

17

activities in which Tran engaged constituted the use of his property as a place of worship in violation of the ordinance because Tran did not have a special use permit.  There was no evidence presented that Tran had ceased or intended to cease any of the activities at issue.  Thus, in addition to issuing a declaratory judgment, the County was entitled to an injunction against Tran requiring that he cease the activities found to violate the ordinance.[9]

However, the injunction in this case went beyond enjoining such activities by "permanently enjoin[ing]" Tran "from using or permitting the subject property to be used in violation of . . . Zoning Ordinance § 2-303(1)."  Accordingly, while the County was entitled to an injunction, the injunction issued was not tailored to the offensive activities, was overbroad, and exceeded the authority of the trial court.

For the above reasons, we will affirm the judgment of the trial court holding that the ordinance as it applies to churches and other such places of worship is a neutral law of general applicability, which has a minimal or incidental burden on religious practice or conduct.  We will, however, vacate the injunction contained in the final decree and remand

---

[9] French v. Pobst, 203 Va. 704, 710, 127 S.E.2d 137, 141-42 (1962)(granting declaratory judgment alone does not command performance).

18

the case to the trial court for entry of an injunction consistent with this opinion.[10]

Affirmed in part,
vacated in part,
and remanded.

JUSTICE KINSER, concurring in part and dissenting in part.

I agree with the majority opinion except with respect to one issue.  Therefore, I write separately to note that area of disagreement and to emphasize certain other points.

The majority is correct in concluding that, because Tran did not assign error to the trial court's factual finding that he was using his property as a place of worship, he cannot challenge the Fairfax County zoning ordinance at issue on the basis that it is vague and overbroad as applied to him.  Yet, the overbreadth and vagueness of the injunction issued by the circuit court may be indicative of the vagueness of the ordinance as applied to an individual engaging in the free exercise of religion in a private residence.

However, unlike the majority, I do not believe that Tran has asserted that the overbreadth of the zoning ordinance "chills" the free exercise of religion by other persons.  In

---

[10] Both parties addressed the constitutionality and applicability of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-2000cc-5 (2001), legislation that was enacted after the proceedings in the trial court.  We do not address this issue as it was neither

other words, he has not made a facial due process challenge. On brief, Tran stated that his "second assignment of error is that the final decree and the zoning ordinance are unconstitutionally vague as applied to him." In responding to Tran's argument on that assignment of error, Jane W. Gwinn, Fairfax County Zoning Administrator, noted that, to the extent that Tran may have previously raised a facial challenge, he has now abandoned that argument. Tran has not disputed Gwinn's observation.[*] Thus, it is not necessary for the majority to decide that "Tran is not within the class of people who may raise a due process claim" that the zoning ordinance adversely affects the rights of others. Nevertheless, I point out that this Court has previously stated that, "when overbreadth impinges upon First Amendment guarantees, a person accused under the statute has standing to make a facial attack, even though [that person's] own speech or conduct was not constitutionally protected; when overbreadth has only due process implications, [that person] has no standing to make a facial attack but only standing to challenge the statute as applied to his own conduct." <u>Stanley</u>

---

presented to the trial court nor assigned as an error in the appeal to this Court. Rule 5:17(c).

    [*] In his reply brief, Tran acknowledged that he was not contending that the zoning ordinance is unconstitutionally vague in all circumstances.

v. City of Norfolk, 218 Va. 504, 508, 237 S.E.2d 799, 802 (1977).

I also agree with the majority's conclusion that, under the test set forth in Employment Division v. Smith, 494 U.S. 872, 878-80 (1990), the ordinance is neutral and generally applicable. See Cornerstone Bible Church v. City of Hastings, 948 F.2d 464, 472 (8th Cir. 1991); Rector of St. Bartholomew's Church v. City of New York, 914 F.2d 348, 354-55 (2d Cir. 1990), cert. denied, 499 U.S. 905 (1991). Under that test, "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993).

Nevertheless, the soundness of the Smith test continues to be questioned. See City of Boerne v. Flores, 521 U.S. 507, 544-65 (1997) (O'Connor, J., joined by Breyer, J., dissenting); id. at 565-66 (Souter, J., dissenting); id. at 566 (Breyer, J., dissenting); City of Hialeah, 508 U.S. at 559-77 (Souter, J., concurring); id. at 578 (Blackmun, J., joined by O'Connor, J., concurring). Furthermore, if the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc through 2000cc-5 (2001), is applicable to this zoning ordinance, a different test would have to be

21

utilized to determine the ordinance's validity under that act. The test established in 42 U.S.C. § 2000cc(a)(1) requires that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person . . . unless the government demonstrates that imposition of the burden on that person . . . (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest."

For these reasons, I respectfully concur in part, and dissent in part.