# CIRCUIT COURT OF THE CITY OF RICHMOND

Patrick R. Gray et al.

v.

Virginia Secretary of
Transportation et al.

March 19, 2007

Case No. CL07-203-4

BY JUDGE MARGARET P. SPENCER

On March 6, 2007, the Court heard the following motions: a Demurrer and Plea to the Jurisdiction of the Court, filed by the Virginia Secretary of Transportation, the Commonwealth Transportation Board, the Virginia Commissioner of Transportation, and the Virginia Department of Transportation (collectively the Commonwealth Defendants); and a Demurrer and Plea in Bar, filed by the Metropolitan Washington Airports Authority (MWAA). In an Order dated March 9, 2007, the Court sustained all defendants' Demurrers and Pleas in Bar and dismissed the action against all defendants. This letter opinion states the basis for that decision.

Plaintiffs are residents of Fairfax County and frequent users of the Dulles Toll Road. The Plaintiffs seek declaratory and injunctive relief for alleged constitutional and statutory violations related to a contract between the Commonwealth Defendants and MWAA. Plaintiffs claim transfer of the Dulles Toll Road and toll revenue from the Commonwealth Defendants to MWAA is an unlawful delegation or assignment and an unlawful transfer of state assets and the legislative ability to tax in violation of Va. Code Ann. § 33.1-37, Article IV, § 1, and Article VII, §§ 2, 3, and 7, of the Constitution of Virginia.

The Commonwealth Defendants and MWAA, in their Demurrers and Pleas in Bar, allege the Court does not have subject matter jurisdiction because Plaintiffs' claims are barred by the doctrine of sovereign immunity. Additionally, MWAA states Plaintiffs do not seek relief against MWAA and Plaintiffs' claims are barred by the doctrine of separation of powers. Plaintiffs' state the complaint alleges "violations of the separation of powers clauses of the Virginia Constitution." (Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Demurrers and Pleas in Bar, p. 2.) Plaintiffs then argue sovereign immunity does not apply to lawsuits alleging constitutional violations.

In ruling on a Demurrer, all allegations of fact in the Complaint and all reasonable inferences from those facts are deemed as true. *Sullivan v. Jones*, 42 Va. App. 794, 802-03, 595 S.E.2d 36, 40 (2004); *Burns v. Board of Supervisors of Fairfax County*, 218 Va. 625, 627, 238 S.E.2d 823, 834-25 (1977). In accordance with this standard of review, the Court adopts every allegation in the Plaintiffs' Complaint and every reasonable inference as true. However, the question presented here, whether the Defendants are entitled to sovereign immunity, is a pure question of law. *City of Chesapeake v. Cunningham*, 268 Va. 624, 633, 604 S.E.2d 420, 426 (2004). Therefore, because sovereign immunity bars consideration of the complaint, the Court lacks subject matter jurisdiction and the case will be dismissed. *Commonwealth v. Luzik*, 259 Va. 198, 206-07, 524 S.E.2d 871, 876-77 (2000).

Sovereign immunity bars suits against the Commonwealth and the Commonwealth's agencies and boards. "As a general rule, the Commonwealth is immune both from actions at law for damages and from suits in equity to restrain governmental action or to compel such action." *Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 455, 621 S.E.2d 78, 96 (2005), cert. denied 126 S. Ct. 2862 (2006). Sovereign immunity may also bar a declaratory judgment action against the Commonwealth. *Afzall v. Commonwealth*, 272 Va. 226, 231, 639 S.E.2d 279, 282 (2007); *Virginia Bd. of Med. v. Virginia Physical Therapy Ass'n*, 13 Va. App. 458, 413 S.E.2d 59 (1991), aff'd 245 Va. 125, 427 S.E.2d 183 (1993). "Only the legislature acting in its policy-making capacity can abrogate the Commonwealth's sovereign immunity." *Afzall*, 272 Va. at 230, 639 S.E.2d at 281 (citations omitted). A waiver cannot be implied, but must be explicitly and expressly stated in the statute. "In the absence of such a waiver by the legislature, the courts of this Commonwealth do not have the necessary jurisdiction 'to entertain [an] action'." *Id.* (quoting *Commonwealth v. Luzik*, 259 Va. at 206, 524 S.E.2d at 877.

The doctrine of sovereign immunity also applies to MWAA. MWAA is a unique entity created by Virginia and the District of Columbia to operate the Washington Dulles International and Reagan Washington National Airports, pursuant to state and federal law (49 U.S.C. § 49101 et seq. and Va. Code Ann. §§ 5.1-152 to 5.1-178). See Va. Code Ann. §§ 5.1-154, 5.1-156(A)(1). Virginia established the MWAA as "a public body corporate and politic and independent of all other bodies, having the powers and duties herein enumerated, and such other and additional powers as shall be conferred upon it by the legislative authorities of both the Commonwealth of Virginia and the District of Columbia." Va. Code Ann. § 5.1-153. Pursuant to Va. Code Ann. §§ 5.1-152 to 5.1-178, MWAA must be treated like a municipality, as it performs governmental functions, for which it is immune, and proprietary functions, for which it is not. *Alpine Air, Inc. v. Metropolitan Washington Airports Auth.*, 62 Va. Cir. 215, 217 (Fairfax 2003) (citing Va. Code Ann. § 5.1-173(B) (MWAA's immunity "is equivalent to the immunity that municipalities enjoy under Virginia common law."); *City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 499, 527 S.E.2d 77, 781 (2000) (sovereign immunity shields municipalities from liability for governmental functions, or "when governmental and proprietary functions coincide").

A function is governmental if it is an "exercise of an entity's political, discretionary, or legislative authority." *Carter v. Chesterfield County Health Comm'n*, 259 Va. 588, 590, 527 S.E.2d 783, 784 (2000). A function is proprietary if it is a ministerial act assumed in consideration of the privileges conferred by charter or statute and involves no discretion. *Id.*

Applying the principles of sovereign or governmental immunity, applicable to both the Commonwealth Defendants and MAYO, the Court concludes both are immune. The General Assembly has not waived the Commonwealth's immunity from suits of this nature and, in the absence of such as express waiver, the Commonwealth cannot be held liable on the claims in the complaint. Neither the statutes nor the constitutional provisions cited in Plaintiffs complaint waive sovereign immunity. Therefore, since "only the legislature" can abrogate the Commonwealth's sovereign immunity (*Afzall*, 272 Va. at 230, 639 S.E. 2d at 281), this Court cannot conclude sovereign immunity has been waived.

This Court's conclusion is not altered by the Supreme Court of Virginia cases cited by Plaintiff. *Richmond F. & P. RR. v. M.W.A.A.*, 251 Va. 201 (1996), was an inverse condemnation case. The issue of sovereign immunity, if raised in the trial court, was simply not mentioned in the opinion. Moreover, the constitutional basis of that action, Article I, § 11, of the Constitution of Virginia is self-executing and permits a property owner to enforce his

constitutional right to just compensation in a common law action, which is deemed a contract action. See *Chaffinch v. Chesapeake & Potomac Tel. Co.*, 227 Va. 68, 72, 313 S.E.2d 376, 378 (1984) ("just compensation clause of the Virginia Constitution, Article I, § 11, constitutes a waiver of sovereign immunity from inverse condemnation claims"). Unlike *Richmond F. & P. RR.*, this action is not a contractual claim for compensation under a constitutional provision specifically authorizing such a claim in the event of damage to personal property. None of the constitutional provisions cited in Plaintiff's complaint is "self-executing" or "constitute a waiver" of the Commonwealth's immunity.

*Tran v. Gwinn*, 262 Va. 572, 554 S.E.2d 63 (2001), was also cited by the Plaintiffs. Neither the Commonwealth nor a municipality was the defendant in the circuit court. In this case, a county zoning administrator sued a Buddhist monk, seeking a declaration enjoining him from using property as a temple without a special use permit. The issue of sovereign immunity was not mentioned in the opinion. In *Bradford v. Nature Conservancy*, 224 Va. 181, 294 S.E.2d 866 (1982), members of a sportsmen's club sued a private landowner for a declaration as to their right to use certain roads and land for hunting and fishing. The Commonwealth later intervened as a plaintiff. The issue of whether the Commonwealth was entitled to sovereign immunity was, again, not before the Court.

Plaintiffs argument that sovereign immunity does not allow the government to elude the Virginia Constitution is correct. It is the function of the courts, as Plaintiffs argued, to declare as unconstitutional laws made in violation of the Constitution. However, the governmental action challenged in this case is not a law. Plaintiffs challenge a contract (March 24, 2006, MOU and December 29, 2006, Agreement) between the Commonwealth Defendants and MWAA.

Virginia Code § 5.1-173(B) essentially codifies the common law principal of municipality immunity and applies it to MWAA. If MWAA was performing a governmental function by entering into this contract, it is protected by sovereign immunity. Therefore, the Court must look to the powers given MWAA by the General Assembly. Va. Code Ann. § 5.1-156(A)(13) states MWAA has the power:

> To make and enter into all contracts and agreements necessary or desirable to the performance of its duties, the proper operation of the airports, and *the furnishing of services to the traveling public and airport users*, including contracts for normal governmental services on a reimbursable basis with local political subdivisions

> where the Authority Facilities are situated and with the District of Columbia government; and any such contracts shall be exclusive or limited when it is necessary to further the public safety, improve the quality of service, avoid duplication of services, or conserve airport property and the airport environment. . . .

(Emphasis added.) Additionally, Va. Code Ann. § 5.1-156(A)(16) gives MWAA the power to "do all acts and things necessary or convenient to carry out the powers expressly granted in this act." The actions by MWAA alleged in Plaintiffs Complaint are consistent with the duties allowed by the Code of Virginia.

Finally, there is no Constitutional provision alleged by the Plaintiff, or discovered by the Court, which conflicts with the portion of the MWAA Act pertinent to the case at bar. Therefore, the statute and the Constitution can be harmonized. The statute is not unconstitutional, and the Defendants acted within their statutory powers. Moreover, for the reasons stated by MWAA, the Court concludes that MWAA is in privity of contract with the Commonwealth under the December 2006 Agreement, and is therefore entitled to share in the Commonwealth's immunity as to this Agreement. *V. N. Green & Co. v. Thomas*, 205 Va. 903, 140 S.E.2d 635 (1965).

Thus, sovereign immunity applies to all defendants in this case. Here, as in *Afzall*, this Court finds "nothing in the language" of any statutes or constitutional provisions cited by Plaintiff "that evinces such an intention" to waive sovereign immunity as a "defense in the context of this declaratory judgment action."

The Court need not determine whether MWAA is a proper party, as this case is dismissed on sovereign immunity grounds.

For the reasons set forth in this letter opinion, the Commonwealth Defendants' and MWAA's Demurrers and Pleas in Bar are sustained and this case is dismissed.